JOHN PHILIP SCHALLER *vs.* PETER BORGER.

## November 19, 1891.

**Note Procured by False Representation of Contents.** — The payee named in a note procured the maker, who could not read, to sign it by fraudulently representing that it was payable to another person, to whom the maker was indebted. *Held*, the note in the hands of the payee was void.

**Same—Recovery of Payments Made.**—Also that any payments upon it made to the payee, under the belief induced by such fraudulent representations, may be recovered back.

Action brought in January, 1890, in the district court for Houston county, on a promissory note for $650, bearing date June 26, 1882, the complaint stating payments of interest at various dates down to November 27, 1888. In his answer the defendant pleaded the defence and counterclaim stated in the opinion, and asked judgment for $252.20. He appeals from an order by *Farmer*, J., sustaining a demurrer to portions of the answer.

*E. H. Smalley*, for appellant.

*W. H. Harries*, for respondent.

GILLFILLAN, C. J. Action on a promissory note of defendant, payable to plaintiff. To the complaint the defendant interposed an answer setting forth a defence and a counterclaim. The plaintiff demurred to each, and the defendant appeals from an order sustaining the demurrer. The demurrer to the defence specifies, as demurred to, only a part of the matter set forth as a defence, which is not permissible. It ought to have been to the whole defence, and because it was not it ought to have been overruled. Taking the entire defence together, it is good. It amounts to this: That the plaintiff wrote the note, fraudulently represented to defendant that it was payable to one John Marquart, to whom it may be assumed defendant was indebted, and the defendant, not being able to read English, relied upon such representation of plaintiff, and therefore signed the note, believing it to be payable to Marquart. By the fraud of plaintiff, defendant was induced to sign a note that he did

not intend. It was therefore not his note, not his contract. Were the suggestion that plaintiff may have been the agent of Marquart, and authorized by him to take, payable to himself, a note for the debt due Marquart, in accordance with the fact, the transaction would be none the less a fraud on defendant. Had he been informed of such agency, he might still have declined to execute a note payable to plaintiff for the debt due to Marquart, and assume the risk of being able, if called on by Marquart for the debt, to prove plaintiff's authority to collect it by taking a note payable to himself. Defendant was induced to sign a note payable to plaintiff, by the latter's fraudulent representation that it was payable to Marquart. The representation was a fraud, no matter what was the arrangement between plaintiff and Marquart. The counterclaim is based on the same fraud, and the further representations by plaintiff, whenever he called for payments on the note, that the same were to apply on the note to Marquart, which did not exist, though defendant had been induced by plaintiff's fraud to believe that it did exist, and by reason thereof made the payments. Such payments were fraudulently obtained. The demurrer ought to have been overruled, both as to the defence and counterclaim.

Order reversed.